UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Criminal Action No. 5: 17-101-DCR-3 |
| V. ) | |
| JORGE DE JESUS MACIAS PEDROZA, ) | **MEMORANDUM ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted Defendant Jorge de Jesus Macias Pedroza of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with the intent to distribute Tramadol under 21 U.S.C. § 841(a)(1), and for being an illegal alien in possession of a firearm pursuant to 18 U.S.C. § 922(g)(5)(A). [Record No. 157] Relying on the 2016 edition of the United States Sentencing Guidelines, the Presentencing Investigation Report prepared by the United States Probation Office prior to sentencing recommended a two-level increase in his guidelines calculation for possession of a "dangerous weapon." [Record No. 163] The Court subsequently sentenced the defendant to 188 months of incarceration. [Record No. 157]

Defendant Macias Pedroza has moved the Court to reduce his remaining period of incarceration based on recent amendments to the United States Sentencing Guidelines. [Record No. 251] In relevant part, the amendments allow district courts to reduce previously imposed terms of incarceration (effective February 1, 2024) for offenders who did not receive any criminal history points from Chapter Four, Part A of the guidelines manual in effect at the

-1-

time of the sentencing hearing. But this amendment is not without limitation. First, it does not impact mandatory minimum terms of incarceration required by statute. Second, and also relevant here, the amendment requires that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7).

Defendant Macias Pedroza argues that he is entitled to a sentence reduction under Part B of Amendment 821, which applies to convicted offenders with zero criminal history points at the time of sentencing. Although Part B applies to Macias Pedroza as a "Zero-Point" offender, his conviction for possessing a firearm used in connection with his other convicted offenses disqualifies him from seeking a two-point reduction of the Total Offense Level previously calculated and considered during the sentencing hearing held on May 18, 2020. *See* U.S.S.G. § 4C1.1(a)(7). Therefore, Macias Pedroza is ineligible for a sentence reduction under Amendment 821 (Part B).

Based on the foregoing, it is hereby

**ORDERED** that Defendant Macias Pedroza's *pro se* motion for a sentence reduction [Record No. 251] is **DENIED**.

Dated: December 4, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky